This case calls for oral argument as People v. Sean Curry. Please report. Counsel. Randy Patrick, plaintiff appellate. This case arose out of a DUI in which a long-time member of the Williams County Sheriff's Department was arrested. Sometime subsequent to when an accident occurred, several weeks subsequent to the time when an accident occurred, subsequently there was a bench trial and he was found guilty. He filed a post-trial motion and then filed his appeal. The first alleged error was that the trial counsel at the bench trial was ineffective. Part of the main reason and thrust of our argument is that he failed to challenge in any way the way this case was initiated. As the facts show, because it was originally called into his own department, the deputy showed up, did a brief interview with an eyewitness, and then the defendant left before the state policemen ever arrived. There's nothing in the record to indicate what the state policemen did in terms of the investigation subsequent to that, but several weeks later the state policemen issued a ticket in effect charging Mr. Curry with DUI. The trial counsel did nothing to challenge any of that, the sufficiency of the probable cause, the sufficiency of the basis for the arrest, if you will, or the issuance of the ticket. It's not unusual to not issue a ticket at that time, is it? I mean, there's nothing that precludes a ticket being issued after you've stopped someone, investigated it, and let them go. This one, he didn't let go. He just walked away. But there's nothing that prohibits a ticket being issued after the incident. No, there's nothing to prohibit it, Judge. But there wasn't any record of a sufficient investigation follow-up other than very brief observations of the officer who was on the scene. There was no attempt at any field sobriety testing or any reading of the warning notice or any officer's chemical testing or any of the things that would normally happen in a normal DUI. But he couldn't do a field sobriety test because the guy left the scene on his own. That's true. That's true. But after that, several weeks took place before the ticket was issued. It does not preclude it. But it could have been challenged by trial counsel and the basis for the proper cause of the arrest could have been challenged by trial counsel, and we basically feel that the failure to do that may have been effective. In addition, we think that the trial court error in finding the building is reasonable now. The evidence was not overwhelming. There is some evidence in the record that the court may have considered things which weren't in the record, such as the amount of investigation by the state police. Finally, the basis of error, most important, I think, is the allowing the playing of the 9-11 tape by the witness, the tape of the recording by the witness who was basically in the courtroom and on the stand, and there was no basis for that. The objection is not a sufficient basis to prohibit it, but there was no basis for playing that tape in the evidence, and we feel that that was error, and that alone would be a basis for error of trial. The witness was describing the events in question on the stand at the time the tape was played, and the tape did not produce any additional evidence on the issue, which was not available from the witness himself. The trial counsel did not make a pertinent objection to the playing of the tape, and therefore the tape came in, and we think that was prejudicial. For all those reasons, we think that the counsel was ineffective. The tape should be played, and we ask the court to reverse the trial court and demand the trial court to further proceedings unless the court has any questions. I don't believe we do. Thank you, counsel. Counsel? Thank you. May we support, counsel? First, it was proper for Trooper Nelson to issue the citation. It's important to point out why Trooper Nelson responded to the scene. When Witness Howerton called in the 911 report of a suspected DUI, the Williamson County Sheriff's Department dispatcher ran the license plate and determined that it was the truck belonging to the defendant, who was at the time of the crash a sergeant at the Williamson County Sheriff's Department. When Witness Howerton called back a moment later and reported that the truck had overturned, Sergeant Webb, who was on duty at the Sheriff's Department that night, ordered the Illinois State Police to respond to the scene pursuant to the departmental policy that the officers of the Sheriff's Department do not investigate incidents involving each other. Deputy Fleming of the Williamson County Sheriff's Department did respond to the scene, but more for the purpose of protecting and preserving human life and safety than conducting an investigation. It's important to note that the defendant was Deputy Fleming's direct supervisor as well as his longtime friend. That is why Deputy Fleming did not conduct failed sobriety tests, why Fleming did not conduct a DUI investigation interview with Witness Howerton, but instead simply got his contact information and forwarded it to the Illinois State Police, which did interview Howerton, and that's why it was Trooper Nelson and not Deputy Fleming who wrote the citation. This has already been alluded to this afternoon, but the reason why Nelson did not perform, say, a failed sobriety test on the scene and did not smell as Witness Howerton and Deputy Fleming did alcohol on the defendant's person, witness the defendant swaying on his feet, hear the slurring of the defendant's words, the reason why Trooper Nelson did not observe these things and conduct the failed sobriety test was that the defendant wandered away from the scene. So by arguing that Nelson was precluded from issuing the citation because the only evidence that he saw of the defendant's intoxication was his overturned truck is an attempt by the defendant to profit from his own wrongdoing. Probable cause can be shown by hearsay, and for the purposes of the determination of probable cause, the knowledge of one officer is the knowledge of other officers investigating the same incident, and that is why any pretrial motion arguing lack of probable cause on the part of Nelson would have failed, and that's why counsel was not ineffective for failing to bring it. In fact, a post-trial motion claiming that Nelson did not have probable cause did fail. Now, of course, conviction is prima facie evidence of probable cause. Now, this motion was denied where the court ruled that there was a full investigation and Nelson had probable cause, and a defendant on appeal argues that this motion, sorry, that this ruling was not based on matters in the record, but really the fact that probable cause can be based on hearsay and the fact that the knowledge to Nelson is imputed from the knowledge of the other investigating officers is all that's necessary for the trial court's determination of probable cause, and it's also important to note that the reason why we don't know, that we don't know what the evidence at the post-trial motion hearing was because it wasn't transcribed, there's no report of it, and the silence of the record has to be construed against the appellant and not in the appellant's favor. Further, a defendant was proven guilty beyond a reasonable doubt. I've alluded already to the evidence of intoxication that was perceived by Deputy Fleming and by Witness Howerton, who subsequent to the crash went on and went through police certification and was a St. Louis police officer at the time of the trial. Further, a defendant admitted on the stand that he'd had, quote, probably three beers that night. Let's go back to the 911 tape. Why would that not be a prior consistent statement, therefore hearsay, and therefore inadmissible? Well, Your Honor, the defendant hasn't pointed to any specific overlap between Howerton's testimony and the contents of the tape. In fact, the tape includes information that Howerton's testimony didn't in those instances or pointed to in the state's brief, particularly the location of the truck at various points and the license number of the truck. Furthermore, because there was no objection, there are many reasons why a 911 tape can be played, such as, for instance, excited utterance or to illustrate the method of the police investigation. And moreover, and here's the important point, this was a bench trial, and so even if it was improper for the tapes to be played, it's presumed that the judge did not rely upon them, and the defendant has not pointed to any proof that the judge did rely upon them,  and so therefore the defendant has not overcome the presumption that the tapes were disregarded. Do you agree with counsel there was no objection at any time to the playing of the 911 tape? Your Honor, if memory serves, actually it does serve. The objection was that the 9-1-1 dispatcher should have been put on the stand as well. That is the objection the defense counsel made at trial. Okay. If the court has no other questions, then I respectfully request that the court file it. I don't believe we do. Thank you, counsel. Counsel? I don't believe we have any questions. Thank you. Okay. We appreciate the briefs and arguments of counsel. We will take the case under advisement.